## Lamont v. Chester City School District.

*John E. McDonough*, for plaintiff; *Paul Lane Ives*, for defendant.

BROOMALL, J., October 17, 1930.—This is an action in assumpsit brought by plaintiff against defendant to recover for labor and material furnished by plaintiff to defendant at various times and in different places.

Plaintiff's claim was made up of a number of items, all but two of which were for sums less than $100 each, and they were for work done or materials furnished in and about the school buildings of the School District of the City of Chester at different times and in different places. There was no necessary connection between any of these small items, and there was nothing to justify the suggestion that they were separated in order that the aggregate might not exceed the sum of $100, where some preliminary action by the board of directors might become essential. Bills for the various items were presented to the board of directors, who formally authorized the payment of the aggregate of these items.

At the trial, under instructions from the trial judge, the jury found that the charges were correct in amount and that the school board had ratified the act of its secretary, who had ordered the performance of the work charged for; that he had consulted with the chairman of the property committee of the school board, who in turn had consulted the other members of that committee, before the work was done.

The two remaining items, one for $212 and the other for $280, were for work performed after October 13, 1928, which had been specifically ordered by the school board at a regular meeting on October 5, 1928. The trial judge instructed the jury that there were separate contracts for these two items and that the prior action of the school board specifically conformed with section 403 of the School Code. The jury found for the plaintiff for the full amount of his claim and the defendant moved for new trial and for judgment *non obstante veredicto*, these two motions being before us for disposition.

As regards the items where the amounts involved are less than $100, we think that the action of the trial judge was entirely correct, the School Code placing no restrictions upon the board of directors in regard to items of this size and there being nothing whatever to sustain the suggestion that the items were separated in order to permit the ordering of the work without prior express action of the board under provisions of section 403 of the code.

As regards the two items that were in excess of $100, there was evidence of due formal action by the board of directors providing that this work should be performed, and while the two jobs were done by the same contractor, they were of a different character and to be performed at separate and distinct places, and there is no necessary connection whatever between the two items, and, therefore, nothing to justify the suggestion that they were separated to avoid the necessity of prior advertising, nor of a call for competitive bids. We think the ruling of the trial judge in regard to this was entirely correct.

Even if we had reached a different conclusion on the points already discussed, we should feel that plaintiff in the present case could, had it been necessary, have relied upon the provisions of the Act of February 20, 1929, P. L. 3, to sustain his present action. It is beyond question that the entire claim of the plaintiff is for labor, materials and supplies for the school district, the purchase thereof being contracted for under the provisions of the school laws of the Commonwealth. Admittedly, the board has actually received such labor, material and supplies, and the same were being used by the school district prior to February 20, 1929, and there was nothing to evidence any fraud or conspiracy to violate any provision of the school laws of the Commonwealth, nor was there anything to indicate that the school district had suffered any pecuniary loss as a result of such contract.

The Supreme Court, in an appeal by the former school directors of the School District of the City of Chester, has held that the curative provisions of the Act of February 20, 1929, P. L. 3, above referred to, apply not merely to the matter of recording the act of the board in regard to such contracts, but also to the manner in which the contract itself is entered into: Chester School District's Audit, 301 Pa. 203. This decision is, of course, binding upon us, and in our opinion it would apply, if necessary, to the instant case, and this negatives also, we think, the suggestion of the defendant that the contracts in question were null and void, under the provisions of the Act of July 18, 1917, P. L. 1083.

And now, October 17, 1930, the motions for a new trial and for judgment *n. o. v.* are discharged and the prothonotary is directed to enter judgment on the verdict.                                    From William R. Toal, Media, Pa.